```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                      CRIMINAL NO.3:03-cr-38-WHB
                                   CIVIL ACTION NO. 3:08-cv-176-WHB

**CEDRIC TAYLOR**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant Cedric Taylor ("Taylor") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"). As Taylor is proceeding *pro se*, the allegations in his pleadings have been liberally construed. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The Court, having considered the 2255 Motion, Response, Taylor's Traverse to the Response, attachments to the pleadings, as well as supporting and opposing authorities, finds that the Motion to Vacate is not well taken and should be denied.

### I.  Factual Background and Procedural History

On March 4, 2003, Defendant, Cedric Taylor ("Taylor") was indicted on a charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922. Taylor pleaded guilty to the charge on May 17, 2005, and was sentenced on August 15, 2005, to a 37 month term of imprisonment, to be followed by three years of

supervised release, and was ordered to pay a special assessment in the amount of $100. Judgment was entered in Taylor's criminal case on August 24, 2005.

On March 24, 2008, Taylor filed the subject Motion to Vacate. In his Motion, Taylor argues: (1) the Court relied on false information at the time he was sentenced; (2) he pleaded guilty based on the understanding that his federal and state court sentences would run concurrently; (3) requiring him to serve the full terms of his state and federal sentences violates double jeopardy; and (4) the "reason this issue was not raised on direct appeal is that [he] was denied direct appeal by the actions as alleged herein, ineffective assistance of counsel, who has clearly engaged in 'collusion' with the [Government] to violate [his] 5th Amendment secured 'due process' and 'double jeopardy' rights." Mot. to Vacate, at 3. Having been fully briefed, the Court now addresses Taylor's claims.

## II. Discussion

The Government challenges Taylor's Motion to Vacate on the grounds that it is time barred by the applicable statute of limitations. To be timely, a motion under 28 U.S.C. § 2255 must be filed within a one-year period from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255(f)(1). The United States Court of Appeals for the Fifth Circuit has recently

2

held that in cases like this one, in which no direct appeal was taken, judgment becomes "final", and the one-year statute of limitations under Section 2255(f) begins to run upon expiration of the ten-day period for filing a direct appeal. See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir 2008)(agreeing that "when a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal."). In this case, the record shows that Judgment was entered against Taylor on August 24, 2005, and that no direct appeal was taken. Accordingly, the one-year period for filing a motion under Section 2255 began to run on September 7, 2005, ten days after the Judgment was entered, and expired one year thereafter on September 7, 2006. As Taylor did not mail his Motion to Vacate until March 15, 2008, the Court finds it is untimely under 28 U.S.C. § 2255(f)(1).

Taylor, however, argues that the time period for filing his Motion to Vacate was statutorily extended under 28 U.S.C. § 2255(f)(4) and/or is timely under the doctrine of equitable tolling. In support of these arguments, Taylor alleges that he became aware of the circumstances underlying his Section 2255 claims through a "pro-bono 'consultant'", and that he did not "discover his claims until obtaining pro-bono consulting and an

investigation into this matter, which did not occur until late September of 2007." See Mot. to Vacate [Docket No. 40], at 2. As understood by the Court, the purported underlying circumstance to which Taylor refers is that he "plead[ed] guilty with the understanding that [his federal] sentence would run concurrent with State of Mississippi proceedings conducted at the same time." Id.

Under 28 U.S.C. § 2255(f)(4), the limitations period for filing a 2255 motion is extended to "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Under the express language of the statute, for Section 2255(f)(4) to apply, there must be a showing that the defendant discovered "facts supporting the claim or claims presented" in his motion under 28 U.S.C. § 2255 within the one-year period preceding the filing of that motion. In this case, Taylor does not identify or cite any fact that he allegedly discovered within the requisite one-year period but, instead, argues that he did not "discover his claims" until he obtained the services of a pro-bono consultant. As Taylor's argument only addresses the date on which he allegedly discovered his claims, as opposed to the date on which he discovered the facts supporting his claims, the Court finds that he has not shown that the time period for filing his Motion to Vacate was statutorily tolled under 28 U.S.C. § 2255(f)(4).

4

The "'doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" United States v. Petty, 530 F.3d 361, 264 (5th Cir. 2008) (quoting United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000)). Whether equitable tolling applies is determined on the "facts and circumstances of each case", and "is permitted only 'in rare and exceptional circumstances.'" Id. (alterations in original) (citations omitted). Here, Taylor "bears the burden of establishing equitable tolling is appropriate." Id. To satisfy his burden, Taylor must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion." Id. (quoting Lawrence v. Florida, --- U.S. ---, 127 S. Ct. 1079, 1085 (2007). See also Patterson, 211 F.3d at 930 ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.") (citations omitted).

In this case, Taylor has not presented any evidence that he diligently sought to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255.[1] Likewise, Taylor has not shown

---

[1] That Taylor may have been in state custody before beginning his federal term of imprisonment did not impede him from seeking relief under 28 U.S.C. § 2255. See Simmons v. United States, 437 F.2d 156, 159 (5th Cir. 1971) ("holding that 28 U.S.C. § 2255 is available to a prisoner in state custody attacking a federal sentence scheduled to be served in the future.").

5

that he was actively misled, or that some "extraordinary circumstance stood in his way" of the timely filing of his Motion to Vacate.  At best, Taylor alleges that he did not discover his claims until he obtained the services of a pro-bono consultant.  It is well-settled in this Circuit, however, that a pro se litigant's lack of legal training or ignorance of the law are insufficient to warrant application of the doctrine of equitable tolling. See e.g. Petty, 530 F.3d at 365-66 (finding that "[p]roceeding pro se is alone insufficient to equitably toll the AEDPA statute of limitations" and that the "lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations.") (alterations in original) (citations omitted); Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (finding that "proceeding pro se is not a 'rare and exceptional' circumstance (for the purpose of applying the doctrine of equitable tolling) because it is typical of those bringing a § 2254 claim) (citing United States v. Flores, 981 F.2d 231, 236 (5th Cir. 1993) (holding that pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ)); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999)("We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling" and that "[i]t is irrelevant whether the unfamiliarity is due to

illiteracy or any other reason.") (alterations in original) (citations omitted).

In sum, the Court finds that Taylor has failed to show that the applicable one-year statute of limitations was tolled, either statutory under 28 U.S.C. § 2255(f)(4) or equitably under the doctrine of equitable tolling. Accordingly, for the reasons discussed above at page 3, Court finds that his Motion to Vacate should be dismissed as time barred under 28 U.S.C. § 2255(f)(1).

Even if Taylor's Motion to Vacate was timely, the Court finds it should be denied on the merits. The record shows that Taylor entered a Memorandum of Understanding ("MOU") through which he agreed to plead guilty to one count of violating 18 U.S.C. § 922(g)(1), as charged in the Indictment. As part of the MOU, Taylor declared that the terms of the MOU had been: (1) read by or to him; (2) understood by him or explained to him by his attorney; (3) voluntarily accepted by him; and (4) agreed to and approved by his attorney of record. See MOU [Docket No. 32], 5. The waivers in the MOU include:

> The defendant, knowing and understanding all of the matters aforesaid ... hereby expressly waives the above rights and the following:
>
> a. the right to appeal the conviction or sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in 18 U.S.C. § 3742, or on any ground whatsoever, and
>
> b. expressly waives the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but

>not limited to a motion brought under Section 2255, Title 28 United States Code and any type of proceeding claiming double jeopardy or excessive penalty as a result of any forfeiture ordered or to be ordered in this case.
>
>....
>
>e. The Defendant agrees to have the sentence determined under the Sentencing Guidelines....

Id. at ¶ 10 (a), (b) & (e).

In his pleadings, Taylor argues that the waivers in the MOU were involuntary made "based on the untenable information provided" to him at the time of his guilty plea, specifically that he pleaded guilty based on the "side agreement" that his state and federal sentences would run concurrently. See Traverse [Docket No. 47], at 1; Mot. to Vacate, at 2 ("Movant pleaded guilty on the understanding that this sentence would run 'concurrent' with State of Mississippi proceedings conducted at the same time."). In support of this claim, Taylor cites to the MOU under which the Government was obligated to recommend "that the defendant's sentence run concurrent with his state sentence." See MOU, at ¶ 2(d). The Court finds that Taylor's argument lacks merit as the MOU also clearly provides:

>It is further understood that the Court, in accord with the principles of Rule 11(c)(1)(B), Federal Rules of Criminal Procedure, is not required to accept the recommendation of the U.S. Attorney, but may sentence the Defendant to the maximum fine and imprisonment as provided by law, and the government has no other obligation in regard to sentencing than as stated in Paragraph No. 2 and its subsets.

Id. at ¶ 3.[2]  Thus, based on the express language of the MOU, the record shows that Taylor knew that the Court was not required to accept the recommendations of the Government, including its recommendation for concurrent terms of imprisonment on his state and federal sentences, both at the time he signed the MOU and pleaded guilty.  Based on its review of the arguments raised by Taylor in his pleadings, the MOU, and the observations of the undersigned, the Court finds that Taylor's guilty plea and waiver of rights were knowingly, intelligently, and voluntarily made.

The Fifth Circuit has held that "[a] voluntary waiver and unconditional guilty plea has the effect of waiving all nonjurisdictional defects in the prior proceeding."  United States v. Wise, 179 F.3d 184, 186 (5th Cir. 1999).  Thus, the waiver of the right to contest a conviction or sentence is expressly recognized in this circuit.  See e.g. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).  The Court finds that under the express language of the MOU, Taylor waived his right to contest his conviction, sentence, or the manner in which his sentence was imposed. Accordingly, the Court finds that he waived his arguments that the Court relied on false information at the time he was

---

[2] The MOU also provides: "The Defendant further acknowledges that credit for time served, if any, shall be calculated and awarded or denied by the United States Bureau of Prisons according to the laws and regulations of the United States.  Id. at ¶ 6.

sentenced, and that requiring him to serve the full terms of his state and federal sentences violates double jeopardy.[3]

The Fifth Circuit has likewise recognized that a "defendant can waive his right to file a section 2255 motion, although such a waiver might not apply to an ineffective assistance of counsel claim." United States v. White, 307 F.3d 336, 339 (5th Cir. 2002) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)). As explained by the Fifth Circuit:

> We ... hold that an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself. We agree with [Jones v. United States, 167 F.3d 1142 (7th Cir. 1998)] and [Mason v. United States, 211 F.3d 1065 (7th Cir. 2000)] that an impermissible boot-strapping arises where a waiver is sought to be enforced to bar a claim that the waiver itself – or the plea agreement of which it was a part – was unknowing or involuntary. This court addressed that problem in [United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995)]. Where the movant's claim does not involve that sort of boot-strapping, however, we see no need to except ineffective assistance of counsel claims from the general rule allowing defendants to waive their statutory rights so that they can reach a plea agreement if they wish. See United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). The Sixth Amendment right to effective assistance of counsel may also be waived, and

---

[3] Taylor does not have a constitutional right to serve his state and federal sentences concurrently. See United States v. Dovalina, 711 F.2d 737, 739 (5th Cir. 1983) (explaining: "It is clear that the constitution affords no ... right [to have sentences run concurrently]. Sentences for different offenses can be ordered to run consecutively, even if they are imposed upon a single trial", and "[a] person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses.") (citations omitted).

thus need not be treated any differently.  See Johnson v. Zerbst, 304 U.S. 458 (1938).

White, 307 F.3d at 343.  Thus, under Fifth Circuit precedent, an ineffective assistance of counsel claim survives a waiver of appeal only in cases in which the claimed assistance directly affected the validity of the waiver or the plea itself.  See id.

In his 2255 Motion, Taylor argues that the counsel he was provided was ineffective as: "No competent counsel would 'coerce' a plea upon false information, and knowingly violate a person's 5th Amendment 'protection' against 'double jeopardy.'"  See Mot. to Vacate, at 3.  Again, the purported "false information" provided to Taylor was that his state and federal sentences would run concurrently.  Id.  As discussed above, the Court finds this argument is without merit as Taylor knew, based on the content of the MOU, that the Court was not obligated to abide by any recommendation regarding whether his state and federal sentences would run concurrently prior to the date on which he signed that agreement.  Accordingly, the Court finds that Taylor's alleged ineffective assistance of counsel claim, because it does not directly affect the validity of the waivers contained in the MOU or the plea itself, has been waived.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 [Docket No. 40] is hereby denied.

A Final Judgment dismissing this case with prejudice shall be entered this day.

SO ORDERED this the 7th day of October, 2008.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE